[Cite as *State v. Britten*, 2021-Ohio-3187.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                          :          APPEAL NO. C-200445
                                                   TRIAL NO. 20TRD-22849
    Plaintiff-Appellee,             :
                                                   *O P I N I O N.*
  vs.                                   :

SHILOH BRITTEN,                         :

    Defendant-Appellant.            :


Criminal Appeal From:   Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 15, 2021


*Andrew W. Garth*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Rebecca Barnett*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Victor Dwayne Sims*, for Defendant-Appellant.

**MYERS, Presiding Judge.**

{¶1}    Defendant-appellant Shiloh Britten appeals the trial court's judgment finding him guilty, following a bench trial, of violating Cincinnati Municipal Code 502.19 for disobeying a traffic-control signal.   In two assignments of error, he challenges the sufficiency and the weight of the evidence supporting his conviction. Finding his arguments to be without merit, we affirm the trial court's judgment.

### *Factual Background*

{¶2}    At trial, the state presented testimony from Montez Coulter that he was involved in a traffic accident on October 21, 2020.  Coulter testified that while driving on Hewitt Avenue, he viewed another car approaching Hewitt on Bonaparte Avenue,[1] a side street that dead-ended onto Hewitt.  Coulter explained that the car traveling on Bonaparte had a stop sign at the intersection of Hewitt and Bonaparte, but that he did not.  Coulter had a clear of view of Bonaparte, and he saw that the car traveling on Bonaparte did not stop at the stop sign or slow down at the intersection of Bonaparte and Hewitt.  Rather, the car proceeded into the intersection and turned onto Hewitt without stopping.  Coulter swerved in an attempt to avoid a collision, but was unsuccessful.  He testified that Britten was the driver of the vehicle that struck him.

{¶3}    Britten testified that he was traveling on Bonaparte toward Hewitt just before the accident occurred, and that he stopped at the stop sign on Bonaparte before turning left onto Hewitt.  Britten additionally presented testimony from Hakeem Lanier, who lived on Hewitt and had a view of the intersection of Hewitt and

---

[1] Coulter mistakenly referred to Bonaparte Avenue as Wold Avenue when testifying.

Bonaparte from a window in his home. Lanier testified that he was looking out his window while waiting for Britten to arrive, and that he saw Britten stop at the stop sign on Bonaparte.

{¶4} The trial court found Britten guilty of violating Cincinnati Municipal Code 502.19, and imposed a $60 fine and court costs.

### *Sufficiency and Weight of the Evidence*

{¶5} In his first and second assignments of error, Britten argues that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence.

{¶6} In a challenge to the sufficiency of the evidence, the question is whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. In contrast, when considering a challenge to the weight of the evidence, the court must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the court clearly lost its way and created a manifest miscarriage of justice. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶7} Britten was convicted of violating Cincinnati Municipal Code 502.19(b), which provides that "[i]t shall be unlawful for the driver of any vehicle to disobey the instruction of any traffic-control device, unless otherwise instructed by a police officer at the location of the traffic-control device."

{¶8} Following our review of the record, we find that Britten's conviction was supported by sufficient evidence. Coulter's testimony, when viewed in the light most favorable to the prosecution as we are required to do in a sufficiency review, established that Britten failed to stop at the stop sign on Bonaparte before turning left onto Hewitt. This was sufficient to establish a violation of Cincinnati Municipal Code 502.19(b).

{¶9} We further hold that Britten's conviction was not against the manifest weight of the evidence. The trial court heard testimony from Coulter that Britten failed to stop at the stop sign, but it heard testimony from Britten and Lanier that Britten had, in fact, stopped at the stop sign before turning onto Hewitt. Britten alleges that Coulter's testimony was not credible because it was unclear and because Coulter contradicted himself when testifying. Britten specifically alleges that Coulter's testimony was conflicting regarding whether he could see Britten approaching the stop sign on Bonaparte, but he does not cite to a specific page in the transcript illustrating this alleged contradiction.

{¶10} As the trier of fact, the trial court was in the best position to judge the credibility of the witnesses. *See State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus; *State v. Shepard*, 1st Dist. Hamilton No. C-190747, 2021-Ohio-964, ¶ 62. The trial court was entitled to find Coulter's testimony credible, and it was not unreasonable for the court to reject the testimony offered by Britten and Lanier, who was Britten's friend, as self-serving. We have reviewed the entire record, and contrary to Britten's assertion, we do not find that Coulter contradicted himself regarding his view of Bonaparte and Britten's approaching vehicle. To the extent that Coulter's testimony contained minor inconsistencies, the

trial court was entitled to believe some, all, or none of Coulter's testimony. *See Shepard* at ¶ 62. This was not the rare case in which the trier of fact lost its way and created a manifest miscarriage of justice in finding Britten guilty. *See Thompkins*, 78 Ohio St.3d 380 at 387, 678 N.E.2d 541.

{¶11} Having found that Britten's conviction was supported by sufficient evidence and was not against the manifest weight of the evidence, we overrule the first and second assignments of error. The judgment of the trial court is, accordingly, affirmed.

Judgment affirmed.

**CROUSE** and **ZAYAS, JJ,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.